# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-15-1006-HE |
| PENNY J. DODSON, individually, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Allstate Property and Casualty Insurance Company ("AP & C") and Allstate Indemnity Company ("AIC") filed this declaratory judgment action against Penny J. Dodson and Kevin Lewis, individually and as parent and guardian of "D.L.," a minor. On August 23, 2010, while he was driving an all-terrain vehicle ("ATV"), D.L. was involved in an accident with defendant Dodson. She sued Lewis, as D.L.'s guardian and next of kin, in state court. Here, the two insurance companies seek a declaration of whether two homeowner policies they issued provide coverage for her claims and whether they have a duty to defend Lewis in the state court action.[1]

Both plaintiffs and defendant Dodson have moved for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact

---

[1] "Under Oklahoma law the duty of the insurer to defend the insured is a contractual obligation." *VBF, Inc. v. Chubb Grp. of Ins. Cos.*, 263 F.3d 1226, 1230 (10th Cir. 2001). The parties did not discuss the duty to defend in their briefs, which in Oklahoma is broader than the duty to indemnify. *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.*, 928 P.2d 298, 303 (Okla.1996). However, as the court concludes there is no duty to indemnify, there is no duty to defend.

and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Default has been entered against defendant Lewis and plaintiffs have moved for default judgment against him. Having considered the parties' submissions, the court concludes plaintiffs' motions should be granted and defendant Dodson's motion should be denied.

Background[2]

In 2009, AP&C issued a Select Homeowner's Policy to Gerald and Helen Campbell for property located at 23206 Santa Fe Avenue, Washington, Oklahoma (the "Property").[3] AIC issued a Manufactured Home Policy to the Campbells for a mobile home, which was located at 23208 Santa Fe Avenue.[4] Helen Campbell's son, defendant Kevin Lewis, and his minor son, D.L., lived at the Property with the Campbells and are insureds under the policies.[5]

---

[2]*Page references to briefs and exhibits are to the CM/ECF document and page number.*

[3]*Defendant Dodson includes as one of her undisputed facts that the Campbells' Santa Fe property "includes a portion [of] the private road – Santa Fe Ave." Doc. #20, p. 2, ¶3. Regardless of whether the property includes part of Santa Fe Avenue as a result of 69 Okla. Stat. § 1202 (although defendants have come forth with evidence demonstrating that the Campbells' property line "stop[ped] at Santa Fe Avenue," Doc. #21, p. 2, ¶3), the accident occurred on 230th Street. Defendant Dodson failed to properly dispute plaintiffs' undisputed material fact #6, which states that D.L. struck defendant Dodson while she was "walking in the travel-portion of 230th Street." Doc. #19, p.5 ¶6. Merely "den[ying] the facts set forth in paragraph 6 as stated" is insufficient to create a fact dispute. See Doc. #22, p. 3, ¶6. Defendant Dodson does not contend, and offers no evidence to controvert, plaintiffs' evidence that the accident did <u>not</u> occur on the Property. See Doc.#.19-1, p. 8.*

[4]*The policy lists the incorrect street number for the mobile home, but it is immaterial for purposes of the lawsuit. See Doc. #19, p. 2 n.1; Doc. #19-8.*

[5]*While plaintiffs disagree that Lewis and D.L. are insured persons under the mobile home policy, they assume that fact to be true for purposes of the summary judgment motions, as they assert it is "immaterial to the outcome." Doc. #21, p. 1.*

2

On August 23, 2010, D.L., while driving an ATV[6] owned by his father, struck defendant Dodson, who was "walking in the travel portion of 230th Street."[7] Lewis does not have an agricultural permit for the ATV,[8] which he purchased in December 2007. The ATV is a motor vehicle subject to registration in Oklahoma.[9]

Defendant Dodson sued Lewis, as D.L.'s guardian, in state court for injuries Dodson sustained allegedly arising out of the accident. Neither insurance company is a party to that lawsuit. *See* Doc. #19-6. The insurance companies then filed this declaratory judgment action, asserting that identical exclusions in their policies preclude coverage for defendant Dodson's claims.

## Analysis

---

[6]*Defendant Dodson does not dispute that D.L. was driving an ATV. See e.g., Doc. 20, p. 1 ("Penny J. Dodson ("Dodson") was struck by an all-terrain vehicle ("ATV") driven by Co-Defendant "D.L.", minor child of Kevin Lewis . . . .").*

[7]*While defendant Dodson "denies the facts as stated," Doc. #22, p. 3. ¶6, she does not controvert them with any evidence or even explain why she denies them. She therefore admits plaintiffs' undisputed material fact #6.*

[8]*Defendant Dodson denies this fact (plaintiffs' undisputed fact #4) because she "cannot affirm" it." Her response is insufficient to controvert defendant's factual statement. See Fed.R.Civ.P.56(c)(1)(A).*

[9]*Defendant Dodson unsuccessfully attempts to dispute this fact, relying on Oklahoma's exception to registration for <u>utility</u> vehicles. 47 Okla. Stat. § 115.3(C). However, as mentioned previously, she does not dispute and never argues or offers any evidence that D.L. was driving a utility vehicle rather than an ATV. As is discussed subsequently, state law distinguishes between the two types of vehicles. See infra at pp.6-7. The ATV clearly is a "motor vehicle" as the term is defined under Oklahoma law. See 47 Okla. Stat § 1-134(A)(1) ("A motor vehicle is:1. Any vehicle which is self-propelled ."). Because Lewis did not purchase the ATV before July 1, 2005, and he did not possess an agricultural exemption, the ATV D.L. was driving had to be registered. See 47 Okla. Stat. § 1115.3; 68 Okla. Stat. § 1358.1.*

Plaintiffs' policies provide coverage for:

> Each person who sustains **bodily injury** . . . when that person is . . . off the **insured premises**, if the **bodily injury** . . . is caused by the activities of an **insured person** or a **residence employee**.

Doc. #20-5, p. 6 (Coverage Y/Guest Medical Protection).

Coverage is excluded

> for **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. . . . .

However, the exclusion does not apply to

> b)　any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**;
>
> d)　a vehicle used to service an **insured premises** which is not designed for use on public roads and not subject to motor vehicle registration.

Doc. #20-5, pp. 7-8 (Losses We Do Not Cover Under Coverage X and Coverage Y, ¶4(b), (d).

The court applies Oklahoma rules of construction in interpreting the policies.[10] Under Oklahoma law, "[i]nsurance contracts are ambiguous only if they are susceptible to two constructions." VBF, Inc. v. Chubb Grp. of Ins. Cos., 263 F.3d 1226, 1230-31 (10th Cir. 2001) (quoting Max True Plastering Co. v. United States Fid. & Guar. Co., 912 P.2d 861, 869 (Okla.1996)). The interpretation of the policies, including whether they are ambiguous,

---

[10]*This is a diversity action and each policy has a choice of law provision specifying that the law of the state in which "**the residence premises** is located," which is Oklahoma, governs any lawsuits related to the policy. Doc. #20-5, p. 4; 20-6, p. 4.*

is a matter of law. *Id.* at 1231. If the policies are ambiguous, they will be construed against the insurers. *Id.*

Plaintiffs contend the policies do not provide coverage for the ATV accident because they exclude coverage for damages arising out of a motor vehicle accident on a public street. While there are exceptions to the policies' exclusion of coverage for motor vehicle accidents, plaintiffs contend that none apply in this case. Plaintiffs assert that the exclusion to coverage applies because an ATV is a "motor vehicle" under Oklahoma law, 47 Okla. Stat § 1-134(A)(1), and defendant Dodson, along with the Property owners, agree that the accident occurred on a public street rather than on the Property.

Defendant Dodson initially argues that the exclusion plaintiffs rely on is ambiguous because the policies do not define the term ATV. However, as plaintiffs explain, the terms ATV and all-terrain vehicle are not defined by the policies because they are not used in them. That is what distinguishes this case from <u>Serra v. Broughton</u>, 364 P.3d 637 (Okla. 2015), cited by defendant. That and the fact that the term "motor vehicle," as defined by Oklahoma law, *see* 47 Okla. Stat § 1-134(A)(1), is unambiguous, unlike "ward," the key term in <u>Serra</u>. The issue in <u>Serra</u> was whether the injured party was a "ward" of the insured and thus entitled to benefits under an automobile insurance policy. Coverage here does not turn on whether the vehicle D.L. was driving was an ATV or the definition of an ATV.

Defendant Dodson next argues that the exclusion plaintiffs rely on does not preclude coverage because one of the exceptions, specifically exception (d), applies. She argues that her injuries were caused by "a vehicle used to service an **insured premises** which is not

5

designed for use on public roads and not subject to motor vehicle registration." Doc. #20-5 p.8. She claims the ATV did not have to be registered under Oklahoma law's "utility vehicle exemption," which provides:

> For utility vehicles used exclusively off roads or highways purchased prior to July 1, 2008, registration, as otherwise required by Section 1115 of this title, shall not be required but shall be allowed at the option of the owner of the utility vehicle used exclusively off roads or highways.

47 Okla. Stat. § 1115.3(C). Defendant Dodson asserts that "[t]his exception to the general registration requirement is important because All-Terrain Vehicles can be used both for recreation and their utility, [and] [t]here is no evidence that the vehicle in this case was registered – which is an indication that the primary purpose of this vehicle, in the view of the owners, was for utility and thus exempted from the registration requirement." Doc. #22, p. 8.

Defendant Dodson's argument fails. There is a distinction between all-terrain vehicles and utility vehicles. Not only are they defined differently under Oklahoma law, *see* 47 Okla. Stat. 1102(1), (35),[11] but the statute defendant Dodson relies upon distinguishes between the two types of vehicles. *See* 47 Okla. Stat § 1115.3. At the time of the accident an ATV was defined as having handlebars for steering, while a utility vehicle had a steering wheel.

---

[11]*In August 2010, Oklahoma law defined an 'all-terrain vehicle' as "a vehicle powered by an internal combustion engine manufactured and used exclusively for off-highway use traveling on four or more low-pressure tires, and having a seat designed to be straddled by the operator and handlebars for steering." 47 Okla. Stat § 1102(1). A "'[u]tility vehicle' mean[t] a vehicle powered by an internal combustion engine, manufactured and used exclusively for off-highway use, equipped with seating for two or more people and a steering wheel, traveling on four or more wheels." 47 Okla. Stat 1102(35).*

Plaintiffs have submitted uncontroverted evidence demonstrating that the vehicle D.L. was driving had handlebars. See Doc. Nos. 19-1, p. 3, #21-5.[12] And, as noted previously, defendant Dodson never claims that D.L. was driving a utility vehicle rather than an ATV.

Defendant has, though, an additional argument. She claims the "ambiguity here lies in the Policies' exclusion provisions, specifically the structure and language." Doc. #22, p. 9. Defendant contends that, by creating exceptions to exclusions, plaintiffs have created an ambiguity that results in "a favorable interpretation [of the policies] for Defendant: ATV's are not excluded when used away from the premises because they are primarily service vehicles; this interpretation would grant cover the incident in question here." Doc. #22, p. 9.

In support of her argument defendant relies on Haworth v. Jantzen, 172 P.3d 193 (Okla. 2006). Haworth involved facts similar to those present here – the insured was backing out of a field onto a highway in a truck, when he collided with an individual who was traveling down the road on his motorcycle. Coverage was sought under a farm and ranch policy. The similarities end there, as the policy language in Haworth differs from that found in the policies plaintiffs issued. The policy considered in Haworth provided:

> **EXCLUSIONS**
>
> Under **PERSONAL LIABILITY—COVERAGE G and MEDICAL PAYMENTS TO OTHERS—COVERAGE H**, we do not cover:
>
> 1. **Bodily injury** or **property damage** arising out of the ownership,

---

[12] *Defendant Dodson could have challenged this evidence by filing a reply brief, but did not.*

maintenance, use or negligent entrustment of: ...

b. land motor vehicles subject to motor vehicle registration owned or operated or rented or loaned to an **insured person** ...

c. land motor vehicles, other than golf carts while used for golfing, if the **bodily injury** or **property damage** occurs away from the **insured premises** ..."

Haworth, 172 P.3d at 195. The Oklahoma Supreme Court held that the apparent contradiction of exclusions 1(b) and (c) created an ambiguity. "An insured could reasonably construe these provisions to mean that coverage of injury or damage arising out of the use of a land motor vehicle is: 1) always excluded; 2) only excluded if the vehicle is subject to registration; 3) only excluded if the injury occurs away from the insured premises; or 4) only excluded if the vehicle is not required to be registered and if the injury occurs away from the insured premises." *Id.* at 197. Similar confusion is not caused by the provisions in plaintiffs' policies, despite defendant Dodson's efforts to create it. As plaintiffs explain, the two paragraphs in their policies which defendant Dodson criticizes, ¶¶ 4(b) and (d), unlike the provisions in Haworth, pertain to entirely different types of vehicles.[13]

The court concludes plaintiffs' policies are not ambiguous and that the policy exclusion applies to preclude coverage for defendant Dodson's claims arising out of the accident involving the ATV. The court **GRANTS** plaintiffs' motion for summary judgment

---

[13]*Defendant Dodson also cites Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc., 747 P.3d 947, 956 (Okla. 1987) in support of her motion. That case dealt with public policy limitations arising from circumstances entirely different from those present here. Dodson's reliance on the case is misplaced.*

8

[Doc. #19] and **DENIES** defendant Dodson's motion for summary judgment [Doc. #20]. The court also **GRANTS** plaintiffs' motion for default judgment against defendant Lewis, individually and as parent and guardian of D.L.[Doc. #26].

The court declares that neither Allstate Property and Casualty Insurance Company nor Allstate Indemnity Company, under the insurance policies they issued to the Campbells, are obligated to indemnify or defend defendant Lewis with respect to any claims asserted against him by defendant Dodson arising out of the accident that occurred on August 23, 2010, involving D.L. and defendant Dodson.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2016.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE